WILSON, District Judge,
dissenting:
There are now two opinions with their own plausible findings, one from the district court finding that Mr. Robertson voluntarily consented to the search and the other from this court finding the exact opposite. Both opinions purport to be based upon all the facts and circumstances. The district court’s findings, which include the determination that Officer Welch was credible and that Mr. Robertson was not, follow an evidentiary hearing. This court’s findings follow consideration of the evidence from the written record. I respectfully dissent because I believe under the circumstances Supreme Court precedent requires this court to defer to the district court’s plausible findings.
In a thorough, well-reasoned written opinion, the district court made its findings of fact, which I distill for brevity’s sake. Officers respond to a distress call that three men in white t-shirts are chasing another man. According to the caller, a firearm is involved. It is a known high crime area, and it is nighttime. When Officer Doug Welch arrives in thé vicinity, three other officers are speaking with various people. There are more non-officers present than officers. Officer Welch notices Mr. Robertson and asks, “Do you *682 have anything illegal on you?” Mr. Robertson does not reply. The diminutive officer, who is 5'2" tall, has not drawn his firearm (nor has any other officer) and simply follows up with a gesture and question, “Do you mind if I search you?” Mr. Robertson, who is much taller than Officer Welch, comes forward, turns, and puts his hands above his head. Officer Welch believes Mr. Robertson’s actions indicate his consent. The resulting search produces a firearm. The entire encounter is quite brief, lasting seconds. The conditions, in the words of the district judge, “were neither coercive nor intimidating” and “demonstrate[ ] by a preponderance of the evidence that Robertson knowingly and voluntarily consented to the search of his person.” (J.A. 88, 93)
“The voluntariness of consent to search is a factual question, and as a reviewing court, we must affirm the determination of the district court unless its finding is clearly erroneous.” United States v. Lattimore, 87 F.3d 647, 650 (4th Cir.1996)(en banc). As the Supreme Court has stated in explaining this standard:
If the district court’s account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be clearly erroneous. This is so even when the district court’s findings do not rest on credibility determinations, but are based instead on physical or documentary evidence or inferences from other facts.
Anderson, 470 U.S. at 573-74, 105 S.Ct. 1504 (internal citations omitted).
Here, the majority emphasizes that its ruling is based exclusively on the facts as taken from Officer Welch’s testimony and, therefore, is not inconsistent with the “clearly erroneous” standard of review. According to the majority, “[t]his case turns on the difference between voluntary consent to a request versus begrudging submission to command,” and “Mr. Robertson’s behavior was the latter.” The majority then lists those circumstances it finds compelling in reaching its conclusion. I do not dissent because I find the majority’s findings and opinion to be illogical or implausible. To the contrary, I find them every bit as logical and plausible as I find the district court’s findings and opinion. But as the Supreme Court has cautioned, the question is not whether the court of appeal’s “interpretation of the facts [is] clearly erroneous, but whether the District Court’s finding [is] clearly erroneous.” Id. at 577, 105 S.Ct. 1504. In my view it is not. Consequently, I respectfully dissent.